1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALINDA HINTZ,<br><br>    Hintz,<br><br>  v.<br><br>CINDY DUFFY CHASE, et al.,<br><br>    Defendants. | Case No. 17-cv-02198-JCS<br><br>**ORDER DENYING MOTION TO DISMISS AND VACATING SEPTEMBER 22, 2017 MOTION HEARING**<br><br>Re: Dkt. No. 28 |

## I. INTRODUCTION

  Malinda Hintz brings this action under the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 *et seq.* ("FHA"), which prohibits discrimination in the sale or rental of housing on the basis of, *inter alia*, disability. Presently before the Court is Defendants' Motion to Dismiss ("Motion"). The Court finds the Motion is suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b) and therefore **vacates the motion hearing set for September 22, 2017 at 2:00 p.m. The Case Management Conference set for the same time shall remain on calendar**. For the reasons stated below, the Motion is DENIED.[1]

## II. BACKGROUND

### A. The Complaint

  In the Complaint, Hintz alleges that on January 27, 2017, she "engaged in discussions with Defendants Bay Sotheby's Property Management, LLC ("Bay Sotheby's"), and Cindy Duffy Chase, regarding a one-year lease to Hintz of the residence located at 1459 Morning Glory Circle in the City of Livermore." Complaint ¶ 10. According to Hintz, Chase was an employee of Bay

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

Sotheby's. *Id.* ¶ 9. The parties engaged in negotiations about specific terms of the proposed lease, "including provisions for furnishing of the home and the rent which was to be paid, which was agreed would be [$3,500.00][2] per month." *Id.* ¶ 11. According to Hintz, she "made Defendants aware" of her "status as a physically disabled person under the Americans with Disabilities Act . . . due to her conditions of severe rheumatoid arthritis and extremely low blood pressure." *Id.* ¶ 12. She further alleges that she discussed "[s]pecific concerns about accessibility of various features of the house" with Defendants and "informed Defendants that [Hintz] relies on the assistance of a service dog which is with [her] at all times." *Id.*

Hintz alleges that "[o]n February 2, 2017, Defendant CINDY DUFFY CHASE forwarded to [Hintz] an email that she had received from the homeowners of the property in question, to the effect that the homeowners would not lease the home to because 'we are not keen to allow pet due to my allergy in the past.'" *Id.* ¶ 13. According to Hintz, "[t]his email was accompanied by a note from Defendant CINDY DUFFY CHASE, which read in part: 'Malinda, I regret to inform you that I received this email below from the owners this morning. Please see the email below. I am so sorry. Most Sincerely, Cindy.'" *Id.* Hintz alleges that she "reasonably interpreted this email as an unequivocal denial of said housing." *Id.*

Hintz alleges that "[b]ecause [her] then-current housing situation was due to expire in less than one month, and because [Hintz's] physical disabilities significantly limited the number of housing options reasonably available to [Hintz], and particularly in light of the extremely limited real estate rental market in the Silicon Valley area due to macroeconomic forces, [she] was essentially forced to lease a different, less desirable property in a different city that was sufficiently accessible for [Hintz's] wheelchair access but which was significantly less convenient for [Hintz's] caregivers." *Id.*

Finally, Hintz alleges on information and belief that:

> a) at no time did the homeowners attempt to determine whether [Hintz's] service dog presented any reasonable concerns regarding allergens; b) Hintz's service dog does not present any such

---

[2] The Complaint lists the amount as "$3,5000.00." The Court assumes that this is a typographical error.

concerns; c) the homeowners reside on the East Coast of the United States with no plans to occupy the property in question upon the termination of the proposed one-year lease; d) neither the homeowners nor the defendants in this action made any inquiries regarding how Hintz's service dog could be reasonably accommodated as required by law; and e) the defendants in this action are professional real estate agents whose ignorance of their legal obligations in regard to housing accommodations for disabled persons is inexcusable.

*Id.* ¶ 15.

Based on these factual allegations, Hintz asserts a claim for housing discrimination under the FHA against all defendants. In particular, Hintz asserts that Defendants discriminated against her by "refusing to lease the residential property in question to [her], and by failing to explore any form of accommodation for Hintz's service dog." *Id.* ¶ 19.

**B.    The Motion to Dismiss**

In the Motion, Defendants seek dismissal of Hintz's housing discrimination claim on the basis that it is clear from Hintz's allegations that it was the owners of the property, and not the real estate agents who represented the owners (that is, Defendants), who committed the alleged discriminatory act. Motion at 4-5. In addition, Defendants ask the Court to strike Hintz's request for punitive damages, asserting that under California Civil Code § 3294 Plaintiffs must demonstrate by clear and convincing evidence that Defendants acted with oppression, fraud or malice. Defendants contend Hintz cannot meet that threshold for the same reason she does not state a claim for housing discrimination, namely, because the only discriminatory conduct she alleged was that of the homeowners and not Defendants.

**III.    ANALYSIS**

**A.    Legal Standard**

A complaint may be dismissed for failure to state a claim on which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a claimant's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim

3

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the court takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A pleading must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a [pleading] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Rather, the claim must be "'plausible on its face,'" meaning that the claimant must plead sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

## B. Discussion

### 1. Whether Plaintiff States a Claim for Housing Discrimination Against Defendants

Under the FHA, it is unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of . . . that buyer or renter." 42 U.S.C. § 3604(f)(1)(A). The FHA further provides that "[d]iscrimination includes . . . a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises." 42 U.S.C. § 3604(f)(3)(A). It also includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such

4

accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). The statute further prohibits a person from making a statement with respect to the rental of a dwelling "that indicates any preference, limitation, or discrimination based on [a disability] or an intention to make any such preference, limitation, or discrimination." 42 U.S.C. 3604(c).

The Supreme Court has found that "an action brought for compensation by a victim of housing discrimination is, in effect, a tort action." *Meyer v. Holley*537 U.S. 280, 285 (2003) (looking to law of agency to determine whether owner was vicariously liable for discriminatory conduct of broker under FHA); *see also Arnal v. Aspen View Condominium Association, Inc.Eyeglasses*, No. 15–cv–01044–WYD–MJW, 2017 WL 1231555, at * 4 (D. Colorado, March 28, 2017) ("An action [under the FHA] is essentially an action in tort" and therefore, the law of agency applies). Under well-established principles of agency law, "[a]n agent who does an act otherwise a tort is not relieved from liability by the fact that he acted at the command of the principal or on account of the principal." *Arnal v. Aspen View Condominium Association, Inc.Eyeglasses,* 2017 WL 1231555, at * 4 (citing Restatement (Second) of Agency § 411 (1958)). Therefore, an agent who acts on the instructions of the principle may be held liable as a joint tort-feasor. *Id.*; *Willborn v. Sabbia*, No. 10 C 5382, 2011 WL 1900455, at *4 (N.D. Ill. May 19, 2011) (denying motion to dismiss by real estate agent who sought dismissal of FHA claim on the basis that he merely conveyed to the plaintiffs the owner's decision not to sell to them because they were African-American); *Moore v. Townsend*, 525 F.2d 482, 485 (7th Cir.1975) (finding that a real estate agent could be liable for assisting the owner in racial discrimination where owner told real estate agent after learning race of plaintiffs that she no longer wished to sell her house and real estate agent passed that information on to the plaintiffs and suggested they look for a house in a different neighborhood); *Dillon v. AFBIC Development Corp*., 597 F.2d 556, 562 (5th Cir. 1979) (holding that real estate agent could be liable for housing discrimination under the FHA even though he was carrying out the wishes of the owner, who did not wish to sell his house to an African-American couple, and citing tort law principles that "(a)n agent who does an act otherwise a tort is not relieved from liability by the fact that he acted at the command of the principal or on

account of the principal" and that "an agent who assists his principal in committing a tort is himself liable as a joint tortfeasor") (citing Restatement (Second) of Agency § 343 (1958)).

Applying these principles here, Plaintiff has adequately alleged discrimination against Defendants Bay Sotheby's and Cindy Duffy Chase by alleging that Chase was a real estate agent employed by Bay Sotheby's and that she forwarded to Hintz the owner's email stating that they did not want to rent to Hintz because of Hintz's service dog, along with a note from Chase saying that she was "sorry." From these allegations a reasonable inference is that the Defendants denied housing to Hintz and did so with full awareness that the denial was because of Hintz's service dog. Another reasonable inference is that Defendants made no attempt to address the possibility of a reasonable accommodation. Under the principles of agency discussed above, the fact that Defendants may have been acting on the instructions of the owners is not sufficient to establish that Hintz's FHA claims are insufficiently pled.

### 2. Whether Plaintiff May Proceed on Her Request for Punitive Damages

Defendants' request that the Court strike Hintz's request for punitive damages is based on the premise that because Chase was acting on instructions of the owner when she informed Hintz that the apartment was not available to her Defendants could not have violated the FHA in the first place. Defendants are incorrect. Furthermore, the FHA expressly provides for punitive damages. *See* 42 U.S.C. § 3613(c)(1). At this early stage of the case, Defendants have not shown that Hintz will not be able to recover punitive damages against them. Therefore, the Court declines to strike Hintz's request for punitive damages

## IV. CONCLUSION

The Motion is DENIED.

**IT IS SO ORDERED.**

Dated: August 9, 2017

JOSEPH C. SPERO
Chief Magistrate Judge